**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**VITALII LUNKO** **PLAINTIFF**

**v.** **CAUSE NO. 1:26-cv-18-LG-RPM**

**CITY OF MOSS POINT, MISSISSIPPI,**
**LUKE BRENNER, in his Official Capacity**
**as Building Official, JOHN/JANE DOES 1-10** **DEFENDANTS**

## ORDER OF REMAND FOR LACK OF JURISDICTION

In this 42 U.S.C. §1983 case, Vitalii Lunko has brought claims against Defendants City of Moss Point (the "City") and Luke Brenner, in his official capacity as building official. Because Lunko has failed to allege "an injury in fact", the Court lacks subject matter jurisdiction and must remand.

## BACKGROUND

In his Complaint, pro se Plaintiff Vitalii Lunko makes 42 U.S.C. § 1983 claims under the Fourteenth Amendment and several supplemental state law claims. Defendants removed this case from the Nineteenth Circuit Court District of Jackson County, Mississippi, pursuant to 28 U.S.C. § 1441 citing the Court's federal question jurisdiction under 28 U.S.C. § 1331.

Defendants filed a Motion to Dismiss, in which they argue Lunko lacks standing to sue.[1] In response to the motion, Lunko filed a Motion for Leave to File

---

[1] "Plaintiff has sued as an individual. The property is owned by an LLC according to the deed attached to Plaintiff's Complaint. Plaintiff, as an individual, does not have standing to sue on behalf of the limited liability company. Thus, Plaintiff claim must be dismissed." *See* Defendants' Memorandum Brief in Support of Motion to Dismiss at 3.

First Amended Complaint. The proposed amended complaint would have substituted Lunko's LLC as plaintiff. On March 26, 2026, the magistrate judge conducted a telephonic status conference advising Lunko that a pro se litigant could not represent an LLC.[2] Lunko represented to the Court that he was attempting to obtain counsel, however no licensed attorney has made an appearance on behalf of the LLC. Defendants filed a Second Motion to Dismiss arguing that Lunko's failure to retain counsel on behalf of this LLC warranted dismissal. The Court entered an Order requiring a status update as to whether Lunko had obtained counsel for the LLC. Lunko has not responded.

**JURISDICTION**

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation modified); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In this case, Defendants "invoked the jurisdiction of the federal courts by removing [Lunko's] state court case to federal court. [Defendants] must prove that federal jurisdiction existed at the time of removal[.]" *See Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (citation modified) (discussing supplemental and removal jurisdiction). At the time of

---

[2] "Corporations and LLCs are fictional legal persons who can only be represented by licensed counsel." *BMO Harris Bank N.A. v. LNM Enters. LLC*, 1:23-cv-59-LG-RPM, 2023 WL 8452781, at *2 (S.D. Miss. Sep. 29, 2023) (citation modified).

removal, Defendants invoked § 1441 and argued that the Court has original jurisdiction. "Original jurisdiction lies where the conditions of 28 U.S.C. §§ 1331 federal question or 1332 diversity are satisfied." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010) (citation modified). Lunko in this case raises a Fourteenth Amendment Due Process claim. Therefore, § 1331 federal question jurisdiction exists, and the Court has original jurisdiction over the action. *See id.*[3]

Even so, "compliance with § 1331 is necessary but not sufficient for federal subject matter jurisdiction. The plaintiffs must also show that they have Article III standing." *See Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) (citation modified). "Any party invoking the judicial Power must establish the irreducible constitutional minimum of standing." *Id.* at 585 (citation modified). The elements of standing are: (1) an injury in fact, (2) the injury is fairly traceable to the defendant's conduct, and (3) the injury is redressable. *Lujan*, 504 U.S. at 560–61; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). Standing must exist for each claim alleged. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (citation omitted).

"An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Duran v. City of Corpus Christi*, 240 F. App'x 639, 641 (5th Cir. 2007) (citation modified). No party disputes that Lunko's LLC owns the property in

---

[3] Defendants solely invoked federal question jurisdiction, so the Court does not consider whether diversity jurisdiction exists in this removed action.

interest, and the claims in this case arise from harms connected to the property, not Lunko. Typically, "a member of an LLC lacks standing to sue individually where the cause of action belongs to the company, unless the member's alleged harm is distinct from harm suffered by the company." *See Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-cv-1170-x, 2024 WL 3974724, at *2 (N.D. Tex. Aug. 27, 2024) (citation modified) (citing *Duran*, 240 F. App'x at 641).

"Arguments in favor of standing, like all arguments in favor of jurisdiction, can be forfeited or waived." *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 937 F.3d 533, 542 (5th Cir. 2019) (citing *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (considering "only those arguments in favor of standing that the plaintiffs have adequately briefed"); *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (explaining "arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice"); *Morse v. Ozark County*, 609 F. App'x 359, 361 (8th Cir. 2015)). Because Lunko did not own the property, nor make an argument that he has interest in the property, he cannot suffer an injury in fact under Article III. *See Spokeo, Inc.*, 578 U.S. at 339; *see also Tu Nguyen v. Bank of Am.*, 728 F. App'x 387, 387–88 (5th Cir. 2018) (per curiam) (Plaintiff lacks standing where Texas law does not allow LLC members an interest in specific LLC property.) In addition, Lunko has not alleged Defendants' actions invaded *his* personal interests. Therefore, there is no irreducible minimum of standing. *See Lutostanksi*, 88 F.4th at 585.

## CONCLUSION

Because the Court cannot sever the claims from the case, the Court turns to § 1447(c). Congress mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Any party invoking the judicial Power must establish the irreducible constitutional minimum of standing." *Lutostanski*, 88 F.4th at 585 (citation modified). Defendants argue a lack of standing. Lunko through "inattention or deliberate choice[,]" waived arguments in favor of standing and therefore subject matter jurisdiction. *See NetworkIP, LLC*, 548 F.3d at 120. The Fifth Circuit provides an apt summary for this case:

> Plaintiffs sued in state court—a choice that . . . plaintiffs had every right to make. Defendants removed to federal court on the assurance that federal courts would have the jurisdiction defendants invoked. Then, having invoked federal jurisdiction, defendants turned around and sought a dismissal in federal court on the grounds that the plaintiffs lacked standing. That is not how the system works. Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court.

*Lutostanski*, 88 F.4th at 588. Lunko does not have standing to assert the only federal claim presented here. Because the Court lacks subject matter jurisdiction it must remand the case to state court. *See* 28 U.S.C. § 1447(c).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the case is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**.

**IT IS FURTHER ORDERED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2026.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE